THE SUSSEX TRUST COMPANY,

*vs.*

GRANVILLE BACON, NOAH C. COOPER, WILLIAM W. COOPER, MARY E. BACON, Administratrix of S. H. Bacon, deceased, LEVIN R. BACON, CHARLES W. CULLEN and THOMAS C. HORSEY.

*Sussex, Dec.* 31, 1917.

An equitable interest of an execution debtor, as a right of contribution, by reason of his payment of more than his share of a judgment against him and others, may be reached by creditors' bill, and subjected to the debt.

An assignment by an insolvent or failing debtor to a trustee for the benefit of certain creditors, thereby giving preference to them to the exclusion of others, is void under provision of *Rev. Code* 1915, § 4795.

Against a claim of an individual, a debt of a firm, of which he is a member, is not subject of set-off.

BILL BY AN EXECUTION CREDITOR to enforce for its own benefit, in the name of its debtor, an equitable interest or claim of the debtor against two judgment co-creditors for contribution of payments made in excess of his share of certain judgments and to set aside as invalid an assignment made by such debtor of such interest or claim to a trustee for the benefit of certain creditors to the exclusion of other creditors.

The case was heard on bill, answers and depositions. The facts appear in the opinion of the Chancellor.

*Joseph L. Cahall* and *Henry Ridgely*, for the complainant.
*Daniel J. Layton* and *Caleb S. Layton*, for the defendants.

THE CHANCELLOR. The suit is by a judgment creditor whose execution is unsatisfied and who, having exhausted his remedies at law seeks to enforce an equitable claim. There are three unpaid judgments in the Superior Court for Sussex County held by the complainant, in two of which Granville Bacon is the sole defendant, and in the third he is a co-defendant with Levin R. Bacon.

Having exhausted its efforts to enforce payment of the moneys due it by proceedings taken against the property of Granville Bacon and Levin R. Bacon, and there being no land, goods or chattels, rights or credits liable to seizure by legal process for the payment of the judgments held by the complainant, the bill claims that Granville Bacon having paid more than his share of certain other judgments on which he was jointly liable with William W. Cooper and Noah C. Cooper, was entitled to collect from his two co-defendants the amounts which he had so paid in excess of his proportionate share of these latter judgments, and it was this claim of Granville Bacon against William W. Cooper and Noah C. Cooper which the complainant sought to reach by its bill, so that it could enforce against William W. Cooper and Noah C. Cooper, for its own benefit, the right which Granville Bacon had against his co-defendants.

It was agreed by the solicitors that moneys from the pro-
ceeds of sale of real estate of Granville Bacon were applied in due
course to two judgments against Granville Bacon, William W.
Cooper and Noah C. Cooper, one held by Thomas C. Horsey (24
Feb. T. 1912) and the other by the complainant, Sussex Trust
Company (43 Feb. T. 1912), and that the moneys so paid ex-
ceeded the proportionate share owed by Granville Bacon on the
judgments, the excess paid on the judgment of Horsey being
$7,000.00, and on the judgment of the complainant being $3,-
250.16. The aggregate claim which Granville Bacon had against
his co-defendants for contribution therefore, aggregated $10,-
250.16, and this was the only asset which Granville Bacon had.

The debts due the complainant on the three judgments
held by it against Granville Bacon exceeded in amount the
above mentioned claim of Granville Bacon against William W.
Cooper and Noah C. Cooper for contribution. Therefore it was
claimed that the complainant should be subrogated to the rights
of Granville Bacon against his two co-defendants, so that it
could enforce for its own benefit against property of the latter
the two judgments to the extent that they owed Granville Bacon
for contribution. These judgments paid by Granville Bacon are
the first liens against property of William W. Cooper and Noah
C. Cooper. Their property is subject to other subsequent liens,
and they have no property, or rights, belonging to Granville
Bacon, except such right of Granville Bacon to contribution
from them.

If Granville Bacon had not undertaken to dispose of his
claim against William W. Cooper, and Noah C. Cooper, there
would not, it seems, have been any obstacle to an enforcement
of the equitable right which the complainant would have to ob-
tain for its own benefit the right to enforce the claim of Gran-
ville Bacon for contribution from his co-defendants. Any equit-
able interest which an execution debtor has may be reached by
a creditor's bill, and subjected to the payment of the debt: 3
*Pomerory on Equitable Jurisdiction*, (2d Ed.) § 1415.

On March 24, 1915, one day before the original bill was
filed by this complainant in this suit, Granville Bacon made an
assignment of his interest in the two judgments against himself

and William W. Cooper and Noah C. Cooper to Charles W. Cullen, trustee for Mary E. Bacon, administratrix of S. H. Bacon deceased, and for Levin R. Bacon, they claiming to have a right to look to Granville Bacon for contribution because they had paid more than their proportionate shares of certain other judgments against Granville Bacon, S. H. Bacon and Levin R. Bacon.

At the time of the assignment, and for some time theretofore, Granville Bacon was insolvent, and the above mentioned claim which he had against William W. Cooper and Noah C. Cooper was the only asset of any kind which he then had. For the complainant it was urged that it was not deprived of its rights as an equitable execution creditor by reason, of the assignment, first, because its rights were matured when it issued its execution on the judgments which it held against Granville Bacon, for then and by that action according to the contention, it acquired a legal preference by its diligence, and this right ought not to be taken away though other legal steps remained to be taken by the complainant in order to enable it to enforce its equitable lien; and secondly, because the assignment to Charles W. Cullen, trustee, was invalid under the statute as to assignments for the benefit of creditors.

The second ground will be first considered. Was the assignment illegal? There was evidence of efforts made on behalf of the assignees to obtain from Granville Bacon such an assignment of his interest, and he probably did, two or three months before March 24, 1915, agree verbally to make the assignment. But this does not seem important, for if the written assignment was invalid the oral agreement to do so was equally ineffective as against the complainant. By *Section 2, Chapter 154 of the Revised Code of 1915 (par. 4795) p. 2099*, when an insolvent person makes an assignment of his estate for the benefit of creditors thereby preferring any creditor, the assignment is void and the estate of the assignor made liable to creditors as if no assignment had been made.

This present assignment comes within the terms of this statute, and is void as against the complainant. A debtor in failing circumstances may give to one of his creditors a judg-

ment bond to secure a bona fide debt, though it be for an amount larger than the value of all his property. *Waters v. Comly*, 3 *Har.* 117; *Tunnell v. Jefferson*, 5 *Har.* 206. Such debtor may also make a bona fide sale of property to his creditor. But an assignment by a failing or insolvent debtor of his property for the benefit of certain creditors, thereby giving preference to them to the exclusion of others, has been declared in this State to be void under the statute. *King v. Johnson*, 5 *Har.* 31; *Humphries v. Smith*, 4 *Houst.* 9; *Stockley v. Horsey*, 4 *Houst.* 603; *Wharton v. Clements*, 3 *Del. Ch.* 209; *Groff v. Cooper*, 6 *Houst.* 36; *Brown Bros. & Co. v. Wilmington & Brandywine Leather Co.*, 9 *Del. Ch.* 39, 74 *Atl.* 1105.

In the last mentioned case Chief Justice Pennewill, sitting in place of the Chancellor, reviewed the authorities and there succinctly stated the result of the Delaware decisions:

"That while it has been held that a debtor in failing circumstances may give bond to a creditor to secure a bona fide debt, even for an amount sufficient to cover all his property, and that such debtor may make a bona fide sale of property to a bona fide creditor, yet I think no case can be found where the court has sanctioned, or held valid, an assignment by such debtor of his property for the benefit of certain creditors and to the exclusion of the rest. On the contrary, it appears that in every such case that has been before the courts of this State the assignment has been declared void under the statute."

In this case there was not a sale by the debtor to his creditor of property. The transfer was to a trustee for the benefit of certain creditors to the exclusion of others. Whether there was, or was not, fraudulent intent on the part of the assignor is immaterial, for the statute operates independent of fraud. The preference of creditors is the thing made unlawful, and the method by which the intent with which it is done is not important.

Inasmuch, therefore, as the assignment made by Granville Bacon of his rights against William W. Cooper and Noah C. Cooper was invalid, and the complainant is entitled to be subrogated to the rights of Granville Bacon against the co-defendants, it is not necessary to consider the first point raised, viz: as to the priority of the assignee over the rights of the complainant.

There was some evidence offered as to the indebtedness of Granville Bacon to Quantico Lumber Company, the name of the co-partnership of which Granville Bacon, William W. Cooper and Noah C. Cooper were members, and also of the indebtedness of the co-partnership to Noah C. Cooper, the purpose being to justify a claim of set-off, when it is sought to enforce the claim which Granville Bacon has against William W. Cooper and Noah C. Cooper for contribution. But a set-off of the debt of Granville Bacon to the firm, or of the firm to Noah C. Cooper, would not be allowed to William W. Cooper or Noah C. Cooper as against the claim of Granville Bacon against them for contribution. The reason is clear. The debt due William W. Cooper or Noah C. Cooper must be due from Granville Bacon alone, and a debt due from him as a member of a firm would not be the subject of set-off. *Greer v. Arlington Mills Co.*, 1 *Pennewill*, 581, 43 Atl. 609. Indeed, the set-off was not insisted on at the argument.

There was no just basis for the contention of the defendants that the complainant was guilty of laches in the enforcement of its rights.

In order to give the complainant the relief desired, a decree will be made annulling the assignment of the judgments, requiring an assignment thereof to or for the benefit of the complainant, and such other relief as may be deemed necessary, all the facts necessary for framing such order being shown of record.

Let a decree be entered accordingly.